**ELSESSER v. COTHAM.**

No. 12417.

Court of Civil Appeals of Texas.
San Antonio.

June 18, 1952.

Rehearing Denied July 16, 1952.

Levey & Goldstein, San Antonio, for appellant.

Carl Wright Johnson, Nat L. Hardy, John W. Goode, Jr., San Antonio, for appellee.

NORVELL, Justice.

This is an automobile collision case in which the trial judge found for the plaintiff, K. V. Elsesser, upon negligence and proximate cause issues, but held that the action was barred by the two-year statute of limitations. Article 5526, Vernon's Ann. Civ.Stats.

The collision occurred on August 3, 1947, and suit was not filed until November 25, 1949. Elsesser as appellant contends that Cotham is estopped to assert the bar of the statute by reason of a telephone conversation between appellant's attorney and Cotham, which took place on August 5, 1949. There is no statement of facts and the trial judge's findings as to the incident are as follows:

"On August 5, 1949, two years and two days after said collision, plaintiff's attorney * * * telephoned the defendant, at his office, and after identifying himself as the attorney for the plaintiff, but without disclosing the purpose of his inquiry, asked defendant, if he had been out of the State at any time since August 3, 1947.

"The defendant replied that he had been out of the State for six weeks in 1948 and for three months in 1949.

"That such representation by the defendant was neither fraudulently nor maliciously made, but was mistakenly or carelessly made.

"The defendant was actually absent from the State only seven days be-

tween the period of August 3, 1947, to August 3, 1949.

"Neither the plaintiff nor his attorney made any investigation or inquiry concerning the absence of defendant from the State except that inquiry which was made by plaintiff's attorney two years and two days after the collision on August 3, 1947.

"Plaintiff's attorney, believing the statement made by the defendant to him to be true, made further attempts to settle and thereafter filed suit against the defendant on November 25, 1949, two years, three months and twenty-one days after the cause of action arose."

Under the provisions of Article 5537, Vernon's Ann.Civ.Stats., the statute of limitation did not run during the time Cotham was absent from the State. On the 5th day of August, 1949, the statutory bar was not complete because of Cotham's seven-day absence during the two-year period following August 3, 1947. Appellant contends that Cotham's statement to his attorney that he had been absent for six weeks in 1948, and for three months in 1949, misled him so that he delayed filing suit and made further attempts to settle the controversy instead of filing suit immediately, as he would have done had Cotham told him the truth, that is, that he had been absent from the State during the time in question for a period of seven days only.

■ Both sides say that they have found no cases directly in point and we have found none that we regard as controlling. Appellant cites a number of authorities treating with the general rule applicable to an estoppel against asserting the statute of limitations. Illustrative of the group is the following statement from 53 C.J.S., Limitations of Actions, § 25, p. 962:

"The prevailing rule is that the doctrine of equitable estoppel may, according to the judicial decisions on the question, in a proper case be invoked to prevent defendant from rely-ing on the statute of limitations, since it has been laid down as a general principle that, when a defendant electing to set up the statute of limitations has previously, by deception or any violation of duty toward plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. * * * It has been held that fraud as the basis for an estoppel to plead limitations is used in a broad sense and includes an unintentional deception, .* * *."

■ In order to raise an estoppel there must be a breach of duty as indicated by the above quotation. In Liberty State Bank v. Guardian Savings & Loan Association, 127 Tex. 311, 94 S.W.2d 133, 134, it was stated that:

" * * * The principle of estoppel in pais may be invoked against a party only when he has failed to do that which it was his duty to do. He cannot be estopped because of his failure to do that which he owed no duty to do."

■ There is the further applicable and related rule that in relying upon the statement of the adverse party as a basis of estoppel, the "plaintiff is under a duty to exercise reasonable care and diligence." 53 C.J.S., Limitations of Actions, § 25, p. 965.

■ In applying these rules, the circumstances under which the representation was made are all-important. The findings of the trial judge indicate that the telephone conversation (at least from Cotham's standpoint) was a casual one. *The purpose of the inquiry as to his absence from the State was not disclosed.* Under such circumstances, would the person questioned anticipate that anything more than an estimate or guess was called for? Or, perhaps, of more importance, could the questioner reasonably expect to receive more than an inaccurate estimate? We think a negative answer to each question is indicated. The public policy underlying the

statutes of limitations need not be restated here. It is sufficient to say that such policy should not be emasculated by giving estoppel effect to casual statements upon which a prudent man would not rely.

The judgment appealed from is affirmed.