**Robert JENKINS et ux., Appellants,**

**v**

**Clyde KIMBRO et ux. et al., Appellees.**

**No. 11213.**

Court of Civil Appeals of Texas.

Austin.

June 10, 1964.

Rehearing Denied June 24, 1964.

Ted Musick, Houston, for appellants.

McClain & Stump, Georgetown, for appellees.

PHILLIPS, Justice.

Jenkins sued Mr. and Mrs. Kimbro for damages arising when he purchased a registered Appaloosa stallion from Kimbro on August 27, 1960, on the "oral warranty that this young stallion's dam was a bay quarter horse, and the sire was a permanent registered foundation Appaloosa horse."

On October 30, 1960, Jenkins received a letter from the Appaloosa Horse Club, Inc., stating that the stallion's dam had not been a registered quarter mare, but had in fact been a pinto mare; that because of this, the stallion's registration would be cancelled unless he was gilded. Hence, the suit for the alleged damages.

The suit was filed on August 26, 1963.

The Trial Court granted the Kimbros' motion for summary judgment in that the suit was barred by the two year statute of limitations. Art. 5526, Vernon's Ann.Civ. St.

We affirm the judgment of the Trial Court.

Jenkins plead that he was entitled to the damages alleged because the Kimbros "were guilty of fraud in the inception * * * due to the fraud and. misrepresentations on the part of the defendants * * * in their defrauding these plaintiffs."

■ A cause of action based on damages because of fraud is governed by the two year statute of limitations. Blum v. Elkins, Tex.Civ.App., 369 S.W.2d 810; Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757; Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S.W. 40.

■ In the case of fraud, the statute will start to run when the fraud is discovered or might have been discovered by the exercise of reasonable diligence. Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263.

■ A defense of limitations apparent from the pleadings will support a summary judgment. Lacy v. Carson Manor Hotel, Tex.Civ.App., 297 S.W.2d 367, writ ref., n. r. e.

We hold as a matter of law that any fraud that might have been perpetrated against Jenkins was brought to light when he received the letter from the Appaloosa Horse Club, Inc., giving the facts stated above. That he had two years from the date he received the letter in which to bring suit. That he failed to file his suit within this time.

■ Jenkins maintains that the four year statute of limitations is applicable here (Art. 5527, Sec. 1, V.C.S.) "for debt founded upon a contract in writing." Jenkins plead that he purchased the stallion "by written contract." While he refers to a bill of sale in his petition, neither this bill of sale nor any other contract is further described nor are any copies of such appended to any of his pleadings. An alleged contract that he specifically pleads and attaches to his petition as Exhibit "D" is a personal check for $2400 drawn on a bank in Houston in favor of the Kimbros. This check is not a contract in writing within the contemplation of Article 5527 but is merely a bill of exchange drawn on a bank, payable on demand, Negotiable Instruments Act, Art. 5947, Sec. 185, V.C.S. In any event, it is well settled that the two year statute is applicable to a suit for damages arising from a written contract induced by fraud, Lacy v. Carson Manor Hotel, cited above.

The Trial Court's judgment is affirmed.

Affirmed.