In the Matter of D____ C____ T____, a Minor.

No. 12–82–0110–CV.

Court of Appeals of Texas, Tyler.

Sept. 23, 1982.

Rehearing Denied Oct. 28, 1982.

Paul Tatum, Nacogdoches, for appellant.

Bryan Davis, Nacogdoches, for appellee.

McKAY, Justice.

This is an appeal from an order of the trial court, sitting as a Juvenile Court, revoking the suspension of a previous commitment, and committing the minor to the care, custody, and control of the Texas Youth Council.

Appellant brings one point of error contending that the trial court abused its discretion in revoking the probation of the juvenile because "The application of the State to revoke his probation does not contain the name of the accused." Appellant had previously been found to have engaged in delinquent conduct and in need of rehabilitation, but commitment was suspended during good behavior and he was placed on probation.

The pleading complained of, the State's motion to modify disposition, was, in part, as follows:

NO. J. 535–80–5

| In the Matter of | § | In the District Court of |
| | § | Nacogdoches County, Texas |
| D___ C___ T___ | § | 145th Judicial District |

Sitting as the Juvenile Court
Motion to Modify Disposition

Now comes Bryan Davis, County Attorney, for Nacogdoches County, Texas and files this motion to modify disposition in the above entitled and numbered cause and shows the Court as follows:

## I.

That *said child* is a child 12 years of age, who was born on the 14th day of August, 1969 said child was found to be a child engaged in delinquent conduct in the above styled and numbered cause and was accorded juvenile probation in accordance with Title III of the Texas Family Code.

## II.

Petitioner further states that *said child* violated said conditions of probation in the following manner:

. . . .

Two unnumbered paragraphs follow the above alleging acts of misconduct in which reference is made to appellant only as "said child," and paragraph III alleges such acts were committed while probation was in force and effect and that "it is to the best interest of said child and for the protection of the public that further orders should be entered to modify disposition at this time." The prayer also refers to appellant as "said child."

It is noted that appellant's name was set out fully in the heading of the motion and that was the only reference to appellant by name in the State's pleading; all references to appellant in the body of the State's motion to modify disposition are "said child." The question then presented is whether the trial court erred in not sustaining appellant's special exception to the State's motion to modify because the State failed to allege the name of the child in the body of the motion, causing such motion to be too vague and indefinite to support any findings.

Appellant cites a number of criminal cases with reference to the requirements of the State's pleading. It is well settled that juvenile delinquency proceedings are civil in nature, and are governed, so far as practicable, by the rules of civil procedure. Texas Family Code, § 51.17; *Brenan v. Court of Civil Appeals, Fourteenth District,* 444 S.W.2d 290, 292 (Tex.1968); *J.J.H. v. State,* 557 S.W.2d 838, 839 (Tex.Civ.App.—Waco 1977, no writ); *In the Matter of A.N.M.,* 542 S.W.2d 916, 919 (Tex.Civ.App.—Dallas 1976, no writ); *In the Matter of R.A.B.,* a Minor, 525 S.W.2d 892, 897 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Starks v. State,* 449 S.W.2d 559, 560 (Tex.Civ.App.—Eastland 1969, writ ref'd).

We find no civil procedure rule which specifically requires what language shall be in a petition to revoke probation in a delinquent child proceeding, nor does the Family Code, Delinquent Children section, provide any help. *See Dempsey v. State,* 496 S.W.2d 49, 51 (Tex.Cr.App.1973). The only question here is the effect of the failure of the State to name appellant by name in the

body of its petition to *modify.* The ultimate issue is whether the trial court abused its discretion in failing to sustain appellant's special exception, and whether such was reversible error.[1]

The record discloses that the trial court called the case in open court stating it was "In The Matter of D___ C___ T___ (calling him by name), No. J–535–80–5, a hearing of a juvenile case wherein the State seeks to revoke the probation heretofore granted to the child." Appellant's counsel advised the court that the child was present and had been served, that his mother was present and had been served, and that appellant knew and understood the pleadings on file. The court then inquired of appellant in person whether he knew and understood the nature of the proceedings of the court wherein the State sought to revoke the probation theretofore granted to him. To that inquiry appellant answered "Yes, Sir." The court then made personal inquiry of appellant's mother whether she understood the proceedings and what the result could be, and she answered in the affirmative. The court further advised them that there was no right to a jury because it was a hearing to determine whether appellant had violated his probation.

After reviewing the record there seems to be no question that both the juvenile and his mother knew and understood the nature of the proceeding and the probable result. While we do not approve of a pleading in any civil case that does not name the defendant in the body of the instrument, we are unable to conclude that appellant suffered injury. If the failure to name the appellant in the body of the pleading was error, we believe it to be harmless error. Rule 434, Tex.R.Civ.P. The problem presented here could have been resolved by the trial court instructing the State to add appellant's name to the body of their pleading, and we would suggest that the State use a form of petition or motion that includes the name of the juvenile in the body of the pleading.

Section 53.04 of the Family Code provides what a petition for an adjudication hearing for a child alleged to have engaged in delinquent conduct must contain. The instant case was a proceeding for modification of a previous order which had found appellant to be a delinquent child. The motion here was not to begin proceedings to declare appellant delinquent, but was a motion to modify the court's previous order. In the previous proceedings in this same delinquency case, the requisites of Section 53.04 were complied with.

*Berkley v. State,* 473 S.W.2d 346, 347 (Tex.Civ.App.—Fort Worth 1971, no writ), cited by appellant concerned the sufficiency of the pleading wherein it was alleged "auto theft on two separate occasions"; the court held such pleading insufficient in that juvenile delinquency case. That case does not address our question.

We are of the opinion that appellant and his mother were fully apprised of and knew the nature of the hearing, and if it could be said there was error, it was harmless.

Judgment of the trial court is affirmed.

---

1. In *Dempsey v. State, supra,* an adult probation revocation case, the court said, "There are no statutory provisions governing when a motion directed to the insufficiency of the pleading to revoke probation must be filed, or what form such motion shall take, nor is there statutory guidance in determining the sufficiency of the pleading. Thus, our determination must be based upon whether the trial court abused its discretion in overruling appellant's motion."