**Robert C. EVANS, Appellant,**

v.

**David J. HOAG, Appellee.**

**No. C14–85–00933–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 29, 1986.

Rehearing Denied June 26, 1986.

James A. McGuire, Houston, for appellant.

David E. Lueders, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Robert Evans appeals a summary judgment in favor of David Hoag. The trial

court granted the summary judgment after finding that the statute of limitations barred appellant's cause of action against Hoag. In his three points of error appellant contends the trial court erred (1) in granting Hoag's motion for summary judgment; (2) in denying appellant's motion for new trial; and (3) in denying appellant's motion for recusal of the trial judge. We affirm.

Appellant's car was struck by Hoag's car on January 5, 1981. As a result of the collision, appellant allegedly entered into a settlement agreement with Hoag's insurer, State Farm Mutual Automobile Insurance Company. Appellant filed suit on October 29, 1981 against State Farm and State Farm claims adjuster Bert Simmons for breach of the alleged settlement agreement and against Hoag for negligence resulting in the collision. Appellant filed his First Amended Petition on November 15, 1982 in which Hoag was dropped as a party defendant. In March 1983, appellant filed a Third Amended Petition which again named Hoag as a defendant. Hoag was never served with citation in the Third Amended Petition. On May 31, 1983, a Fourth Amended Petition against Hoag was filed. Service of the Fourth Amended Petition was not obtained on Hoag until September 1983, more than eight months after the two-year statute of limitations had run.

In October 1983, Hoag filed a motion for summary judgment. In the motion for summary judgment Hoag claimed the statute of limitations had run on Evans' claim against him. According to a docket entry the summary judgment motion was denied on November 7, 1983. In April 1984, the court granted a motion to sever the claim against State Farm and Bert Simmons from the claim against Hoag. Hoag apparently reoffered his motion for summary judgment sometime after the severance was granted; the order granting the motion for summary judgment was signed August 27, 1985.

In his first and second points of error, appellant claims the trial court erred in granting Hoag's motion for summary judg-

ment and in denying appellant's motion for new trial. Appellant asserts that once Hoag's motion for summary judgment was overruled, it could not be reconsidered by the court. Appellant also claims Hoag had to submit not only another motion for summary judgment but also additional summary judgment evidence to be entitled to the summary judgment.

■ The record contains no evidence other than a docket entry that Hoag's motion for summary judgment was denied. The only summary judgment order in the record is the order granting Hoag's motion signed August 27, 1985. A signed order of the court controls over a conflicting docket entry. *Verret v. Verret,* 570 S.W.2d 138 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561 (1937). Furthermore, a summary judgment is an interlocutory, not final, order and the trial court has the inherent right to change or modify any interlocutory order or judgment down to the time when the judgment on the merits of the case becomes final. *Bachman Center Corporation v. Sale,* 359 S.W.2d 290 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). The trial court could properly grant the summary judgment after having denied previously the same motion.

As long as the evidence submitted with the summary judgment motion was competent summary judgment evidence, there was no need to submit new or additional evidence to support the granting of the previously denied motion. Hoag's summary judgment relied on facts contained in appellant's pleadings. Appellant pled that the accident occurred on January 5, 1981. The record before the court showed that Hoag was named as a defendant in appellant's original petition filed in October 1981, that Hoag was dropped as a defendant in the first and second amended petitions, that Hoag was again named as a defendant in the third and fourth amended petitions, filed March 1983 and May 1983 respectively, but not served with citation until September 1983.

An amended pleading supersedes and supplants the original pleading. Parties to a suit are just as effectively dismissed from a suit by omitting their names from an amended pleading as where a formal dismissal order is entered. *Burton v. Bridges,* 641 S.W.2d 635 (Tex.App.—El Paso 1982, writ ref'd n.r.e.). Hoag was no longer a party to the suit once appellant filed his first amended petition. In order to bring Hoag back into the suit, he had to be re-served with citation. The record shows Hoag was not served until September 1983, some eight months after the statute of limitations had run. Hoag's defense of limitations, which was apparent from the pleadings, would support his summary judgment. *Jenkins v. Kimbro,* 380 S.W.2d 189 (Tex.Civ.App.—Austin 1964, writ dismissed). Appellant's first and second points of error are overruled.

Appellant's third point of error claims the trial court erred in denying his motion for recusal of the trial judge. Appellant alleges the trial judge continually exhibited personal bias and prejudice of such nature and extent to deny due process of law. Although a hearing on the motion to recuse was held in accordance with Tex.R.Civ.Pro. 18A, the record is devoid of any evidence on the motion to recuse. Appellant failed to preserve error; there is nothing in the record for review. *See Allandale Nursing Home, Inc. v. John Bremond Co., Inc.,* 514 S.W.2d 958 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.). His third point of error is overruled. The summary judgment is affirmed.