**James R. CHAMBERLAIN, Appellant,**

v.

**John McREIGHT, Individually and d/b/a Cabot Oil & Gas Corporation, Appellee.**

**No. 09–85–239 CV.**

Court of Appeals of Texas, Beaumont.

June 5, 1986.

Rehearing Denied June 18, 1986.

Rand A. Mintzer, Schechter, Eisenman & Solar, Houston, for appellant.

Paul W. Gertz, Orgain, Bell & Tucker, Bill Quick, Weller, Wheelus & Green, Beaumont, for appellee.

OPINION

BURGESS, Justice.

This is a summary judgment case. On January 14, 1985, James R. Chamberlain filed suit styled "James R. Chamberlain v. John McReight, individually and d/b/a Cabot Oil Company" and titled "Plaintiff's Original Petition". The initial portion of the pleadings stated:

"COMES NOW, JAMES R. CHAMBERLAIN, after referred to as Plaintiff, complaining of John McReight CABOT OIL COMPANY, hereinafter referred to as Defendant, and for cause of action would show the following:

I.

Plaintiff, JAMES R. CHAMBERLAIN, is an individual residing in Columbus, Colorado, Texas.

Defendant, CABOT OIL COMPANY, is a corporation authorized to do business and doing business in Harris County,

Texas and may be served with process by serving its owner, JOHN MCREIGHT.

John McCreight [sic] is an individual who may be served at his residence, 401 South Broadway, China, Jefferson County, Texas 77076.

On or about June 9, 1983, during normal business hours, Plaintiff came upon the premises in Houston, Harris County, Texas, partially controlled the Defendant. Plaintiff's purpose on the premises at the time was to assist in an oil drilling operation. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff rom [sic] unreasonably dangerous conditions on the premises or to warn of their existence.

### III. [sic]

While upon Defendant's premises, Plaintiff suffered serious bodily injuries as a direct result of dangerous condition of Defendant's planking, which Defendant, its agents, servants, and employees knew or, in the exercise of ordinary care, should have known existed."

On February 6, 1985, James R. Chamberlain filed an instrument titled "Plaintiff's First Amended Original Petition" which was styled: "James R. Chamberlain vs. John McReight, individually and Cabot Oil & Gas Corporation". The initial portion of this pleading stated:

"COMES NOW, JAMES R. CHAMBERLAIN, after referred to as Plaintiff, complaining of CABOT OIL & GAS CORPORATION, hereinafter referred to as Defendant, and for cause of action would show the following:

### I.

Plaintiff, JAMES R. CHAMBERLAIN, is an individual residing in Columbus, Colorado, Texas.

Defendant, CABOT OIL & GAS CORPORATION is a foreign corporation with Certificate of Authorized to do business in Texas and doing business in Harris County, Texas and may be served with process by serving its agent of service C.T. Corporation System, 811 Dallas Ave., Houston, Texas 77002.

John McCreight [sic] is an individual residing in Jefferson County, Texas and has already been served.

On or about June 9, 1983, during normal business hours, Plaintiff came upon the premises in Houston, Harris County, Texas, partially controlled the Defendant. Plaintiff's purpose on the premises at the time was to assist in an oil drilling operation. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff rom [sic] unreasonably dangerous conditions on the premises or to warn of their existence.

### III. [sic]

While upon Defendant's premises, Plaintiff suffered serious bodily injuries as a direct result of dangerous condition of Defendant's planking, which Defendant, its agents, servants, and employees knew or, in the exercise of ordinary care, should have known existed."

After the initial portion of each pleading, they were identical. Each pleading referred to "Defendant" in the singular and never referred to "Defendant" by name. John McReight filed a motion for summary judgment alleging he had been dismissed as a defendant by the amended pleadings and thus those pleadings did not state a cause of action against him. The trial court granted the motion for summary judgment. Chamberlain appeals bringing forth two points of error. They alleged the trial court erred because (1) it was harmless error to omit McReight's name from the body of the pleading and (2) it was improper to circumvent the special exception procedure by granting summary judgment even if the pleading failed to state a cause of action.

An amended pleading takes the place of and completely supercedes the pleading which is amended. *TEX.R.CIV.P. 65.* The

filing of an amended petition omitting an individual as a party-defendant has the effect of dismissing such party the same as if an order had been entered. *Burton v. Bridges*, 641 S.W.2d 635 (Tex.App.—El Paso 1982, writ ref'd n.r.e.); *Valdez v. Gill*, 537 S.W.2d 477 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.); *Hatley v. Schmidt*, 471 S.W.2d 440 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.); *Barnett v. Maida*, 503 S.W.2d 610 (Tex.Civ.App.—Beaumont 1973, no writ); *Chesbrough v. State*, 465 S.W.2d 224 (Tex.Civ.App.—San Antonio 1971, no writ); *State v. Roberson*, 409 S.W.2d 872 (Tex.Civ.App.—Tyler 1966, no writ). Further, an amended petition operates as a voluntary dismissal and is without prejudice. *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex.1973).

■ Chamberlain's argument on the first point of error is the failure to name McReight in the body of the petition is harmless error, is founded upon *In the Matter of D.C.T., a Minor*, 641 S.W.2d 658 (Tex.App.—Tyler 1982, writ ref'd n.r.e.). Their reliance is misplaced. A major difference in the two cases is the amended pleading in the instant case. The case of *D.C.T.* involved only one pleading and only one named defendant. We believe the amended pleading, in its initial paragraph, effectively omitted McReight as a party defendant. Point of error number one is overruled.

■ The next question is whether the trial court erred in granting summary judgment instead of requiring a special exception and granting a dismissal upon a failure to amend to state a cause of action. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). This particular question, however, is moot. It is moot because the motion for summary judgment was not filed until June 18, 1985, and was not granted until July 18, 1985. McReight had been dismissed from the suit on February 6, 1985, when the First Amended Original Petition was filed. Both pleadings alleged the cause of action arose on June 9, 1983, therefore, the statute of limitations had run against McReight when the sum-

mary judgment procedure took place. The dismissal was in no way an adjudication of the rights of the parties, it merely placed the parties in the same position they were in before the court's jurisdiction was invoked just as if suit had never been brought. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex.1962). Therefore, no amendment could have revived the cause of action against McReight. The second point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.