**Terrie L. Giddens JOHNSON and Pauline Giddens, Appellants,**

v.

**The COCA–COLA COMPANY, Appellee.**

**No. 05–86–00372–CV.**

Court of Appeals of Texas, Dallas.

March 20, 1987.

Rehearing Denied April 23, 1987.

Joe A. Byrom, Dallas, for appellants.

Sidney H. Davis, Jr., Dallas, for appellee.

Before DEVANY, McCLUNG and THOMAS, JJ.

McCLUNG, Justice.

This is an appeal from a summary judgment granted The Coca-Cola Company based on a finding by the trial court that the plaintiffs' cause of action was barred by the statute of limitations as to that defendant.

The Giddens contend that the granting of summary judgment was error because the motion did not meet the requirements of rule 166–A of the Texas Rules of Civil Procedure and that the statute of limitations was not applicable. We disagree; consequently, we affirm the judgment of the trial court.

A chronology of events is helpful. Plaintiff, Terrie Giddens Johnson, age 17, allegedly sustained an injury on November 13, 1980. She turned 18 years of age on April 4, 1981. An original petition of plaintiffs, Terrie Giddens Johnson and Pauline Giddens (appellants herein), for damages was filed September 10, 1981 which named Coca-Cola Bottling Company of Greenville as the only defendant. In due course the Coca-Cola Bottling Company of Greenville appeared and answered, denying liability for the damages alleged to have been sustained. The attorneys for the parties be-

gan the exchange of customary discovery, including three motions to produce, interrogatories and oral depositions. On March 15, 1982 Giddens filed their first amended petition which named the Coca-Cola Bottling Company of Greenville and *The Coca-Cola Company* as defendants. On May 7, 1982 Giddens filed their second amended petition naming the Coca-Cola Bottling Company of Greenville, Coca-Cola Bottlers Association, Aluminum Company of America, and Fowler Products Co., Inc., as defendants. *The Coca-Cola Company* was dropped as a defendant in this petition. On May 7, 1985 Giddens filed a third amended petition. This petition again named *The Coca-Cola Company* as a defendant. This petition dropped the Coca-Cola Bottlers Association as a defendant, but included all of the rest of the defendants named in their second amended petition.

*The Coca-Cola Company* moved for and was granted a summary judgment on the basis of the statute of limitations. *The Coca-Cola Company* correctly asserted that the second amended petition dismissed it as a party defendant. Once having been dismissed from the suit, the third amended petition was ineffective to add that defendant as a party because the statute of limitations had run prior to such filing. The Giddens argue that the omission of *The Coca-Cola Company* from their second amended petition was merely a "misnomer" and that *The Coca-Cola Company* is estopped from asserting the statute of limitations. We disagree and hold that the trial court properly granted *The Coca-Cola Company's* motion for summary judgment.

The Giddens argue that this case is one in which the "misnomer" doctrine applies. We cannot agree. In a "misnomer" case the plaintiff misnames the person sought to be held liable, but serves the correct person, thereby advising the intended defendant of the suit. *See DeLeon Torres v. Johns*, 706 S.W.2d 693, 695–96 (Tex.App.—Corpus Christi 1986, no writ); *Callan v. Bartlett Electric Cooperative*, 423 S.W.2d 149, 155–56 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.). In such a case, the subsequent correction in an amendment of plaintiff's pleadings relates back to the date of the original petition for purposes of the statute of limitations. *Id.*

In our case, the Giddens *correctly named and served The Coca-Cola Company* in their first amended petition. However, the Giddens then dropped *The Coca-Cola Company* in their second amended petition, and added another defendant by naming an independent corporation with its correct name, but which the Giddens failed to serve. It is this newly added name which the Giddens claim is a "misnomer" for *The Coca-Cola Company*.

An amended pleading supercedes and supplants all previous pleadings. *Chamberlain v. McReight*, 713 S.W.2d 372, 373 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.); *Evans v. Hoag*, 711 S.W.2d 744, 746 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); TEX.R.CIV.P. 65. The filing of an amended petition omitting an individual or entity as a party defendant has the effect of dismissing such party the same as if a formal dismissal order had been entered. *Chamberlain*, 713 S.W.2d at 373–74; *Evans*, 711 S.W.2d at 746; *Sparks v. Aetna Life and Casualty Co.*, 554 S.W.2d 228, 230 (Tex.Civ.App.—Dallas 1977, no writ). Therefore, *The Coca-Cola Company* was no longer a party to the suit when the Giddens filed their second amended petition. When *The Coca-Cola Company* was brought back into the suit, the applicable statute of limitations had run. Consequently, the defense of limitations, which was apparent from the pleadings, amply supported the summary judgment. *Chamberlain*, 713 S.W.2d at 374; *Evans*, 711 S.W.2d at 746.

The *Chamberlain* case is an excellent illustration of the principle of law discussed above. In *Chamberlain* the plaintiff sued a corporation and an officer of the corporation, individually. An amended petition omitted the individual's name *only in the complaint* paragraph. Indeed, the individual defendant's name remained in the rest of the petition, including in the style, and, as here, the defendant was alleged to have been served. Nevertheless, the court held

that the individual defendant had been dismissed.

The Giddens further argue that *The Coca-Cola Company* is estopped from asserting the statute of limitations because it appeared as a party and participated as a defendant after appellants' second amended petition was filed, but prior to the running of the statute of limitations, and that such affirmative actions estop it from denying that it is a defendant in this lawsuit.

■ We disagree because *The Coca-Cola Company* was no longer a party to the suit after the filing of the second amended petition. Furthermore, the Giddens cite no authority, and we are aware of none, for the proposition that a non-party can bring itself into a lawsuit by actions which do not seek to invoke the power of the court. The acts pointed to by the Giddens consisted of *The Coca-Cola Company's* responding to certain of Giddens' discovery requests *which were made before The Coca-Cola Company* was dropped from the lawsuit. The responses came after it was dropped from the suit. To be estopped from seeking the benefit of the statute of limitations, the party seeking such benefit must be guilty of deception or violation of a duty toward the other party. *Livesay v. First Christian Church of Beaumont*, 482 S.W.2d 403, 404 (Tex.Civ.App.—Beaumont 1972, no writ); *Elsesser v. Cotham*, 250 S.W.2d 591, 593 (Tex.Civ.App.—San Antonio 1952, no writ). We hold that *The Coca-Cola Company's* actions neither deceived nor violated any duty it owed to the Giddens. Consequently, we hold that *The Coca-Cola Company* is not estopped from asserting limitations as a defense to this lawsuit.

■ The Giddens lastly complain that summary judgment was improperly granted because of asserted defects in *The Coca-Cola Company's* affidavits and because the trial court considered pleadings that were not attached to its motion for summary judgment. We need not address this complaint because *the Giddens themselves requested the court to take judicial notice of the pleadings*. A party on appeal will not be heard to complain of the admission of improper evidence offered or used by the other side when he offered or introduced the same evidence. *McInnes v. Yamaha Motor Corp. U.S.A.*, 673 S.W.2d 185, 188 (Tex.1984) *cert. denied*, 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985). The Giddens, having urged the court to adopt the position that it did, cannot now complain of the trial court's action. *Ramos v. Horton*, 456 S.W.2d 565, 567 (Tex. Civ.App.—El Paso 1970, no writ).

The Giddens' complaints of "defects" in the supporting affidavits are immaterial because, as stated earlier, the defense of limitations was apparent from the pleadings alone. *Evans*, 711 S.W.2d at 746; *Jenkins v. Kimbro*, 380 S.W.2d 189 (Tex.Civ.App.— Austin 1964, writ dism'd).

The judgment is affirmed.