COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-235-CV
 IN THE INTEREST OF A.R. AND S.R., CHILDREN                                        
 
------------
 
FROM THE 
323RD DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Following a bench trial, appellant L.R.’s parental rights were terminated 
to her children, A.R. and S.R. In a single point, appellant contends that the trial 
court erred in denying her motion to extend the dismissal date under section 
263.401(b) of the Texas Family Code. We need not address the merits of this 
argument because appellant has failed to preserve her complaint for our review. 
We affirm. 
        In this case, the trial court appointed the Department of Protective and 
Regulatory Services temporary managing conservator of the children on August 
28, 2002. On July 9, 2003, appellant filed a motion for extension of dismissal 
date under section 263.401 of the Texas Family Code. See Tex. Fam. Code 
Ann. § 263.401 (Vernon 2002). On July 15, 2003, the trial court conducted 
a hearing on the motion, but the hearing was not recorded. The trial court 
denied the motion on July 22, 2003, and signed the order of termination on 
July 23, 2003. This appeal followed. 
 

 
        Appellant alleges the trial court abused its discretion 
 

 in denying her 
motion for extension of dismissal date. The trial court’s order denying the
motion to extend recites that the trial court heard evidence and argument of
counsel; however, no record was made of the hearing. The record on appeal,
therefore, contains no competent evidence to determine whether the trial court
abused its discretion. See In re Guardianship of Berry, 105 S.W.3d 665, 667
(Tex. App.—Beaumont 2003, no pet.) (“Absent a reporter’s record of the trial,
however, we must presume that the missing record supports the trial court’s
ruling.”). Appellant has preserved nothing for our review. See Evans v. Hoag,
711 S.W.2d 744, 746 (Tex. App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.). 
We overrule appellant’s single point and affirm the trial court’s judgment. 
 
 
                                                                  SAM J. DAY 
                                                                  JUSTICE

PANEL B:   DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment). 
 
DELIVERED: January 8, 2004