IN RE AR

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-235-CV

IN THE INTEREST OF A.R. AND S.R., CHILDREN 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Following a bench trial, appellant L.R.’s parental rights were terminated to her children, A.R. and S.R.  In a single point, appellant contends that the trial court erred in denying her motion to extend the dismissal date under section 263.401(b) of the Texas Family Code.  We need not address the merits of this argument because appellant has failed to preserve her complaint for our review.  We affirm.  

In this case, the trial court appointed the Department of Protective and Regulatory Services  temporary managing conservator of the children on August 28, 2002.  On July 9, 2003, appellant filed a motion for extension of dismissal date under section 263.401 of the Texas Family Code. 
 See
 
Tex. Fam. Code Ann.
 § 263.401 (Vernon 2002)
.  
On July 15, 2003, the trial court conducted a hearing on the motion, but the hearing was not recorded.  The trial court denied the motion on July 22, 2003, and signed the order of termination on July 23, 2003.  This appeal followed.
(footnote: 2)  

Appellant alleges the trial court abused its discretion
(footnote: 3) in denying her motion for extension of dismissal date.  The trial court’s order denying the motion to extend recites that the trial court heard evidence and argument of counsel; however, no record was made of the hearing.  
The record on appeal, therefore, contains no competent evidence to determine whether the trial court abused its discretion.  
See In re Guardianship of Berry
, 105 S.W.3d 665, 667 (Tex. App.—Beaumont 2003, no pet.) (
“Absent a reporter’s record of the trial, however, we must
 presume that the missing record supports the trial court’s ruling.”).  Appellant has preserved nothing for our review.  
See Evans v. Hoag
, 711 S.W.2d 744, 746 (Tex. App.—Houston [14
th
 Dist.] 1986, writ ref’d n.r.e.).  
We overrule appellant’s single point and affirm the trial court’s judgment.  

SAM J. DAY

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: January 8, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The State argues that this appeal should be dismissed for want of jurisdiction because appellant failed to timely file her notice of appeal.  The record shows that the trial court signed the order of termination, the final appealable judgment, on July 23, 2003.  Appellant filed her notice of appeal on August 12, 2003.  Appellant’s notice of appeal was within twenty days of the judgment and was, therefore, timely.  
Id. 
§ 263.405(a); 
Tex. R. App. P.
 26.1(b).

3:
After finding no case law on the appellate standard of review of an order granting or denying an extension motion under section 263.401(b), both parties agree that an abuse of discretion standard, comparable to that used for motions for continuance, should be applied.