# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00806-CV

---

**Maricela Wilson, Appellant**

**v.**

**City of Austin, Appellee[1]**

---

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. C-1-CV-15-005885, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Maricela Wilson appeals from the county court's order granting the City of Austin's motion to strike, special exception, and motion to dismiss. Because Wilson's claims against the City are barred by limitations, the county court did not abuse its discretion in granting the special exception and dismissing the suit. We therefore affirm.

---

[1] In the trial court and in Wilson's notice of appeal, the case was styled as Maricela Wilson v. Christopher C. Phillips. As described more fully below, Wilson initially filed suit against Christopher Phillips, amended her petition to sue the City, nonsuited her claims against Phillips, does not appeal the order dismissing her claims against Phillips, and agrees in her briefing before this Court that Phillips "was properly non-suited following the City's demand to substitute." Because Wilson identifies the City as the appellee in her docketing statement and challenges the order dismissing her claims against the City, we update the caption to reflect the proper parties on appeal.

## PROCEDURAL BACKGROUND

The procedural facts are undisputed. In July 2015, Wilson sued Christopher Phillips and alleged that Phillips's negligence caused an automobile collision in August 2013 that injured Wilson. Phillips specially excepted to the petition and moved to dismiss the suit, claiming that Wilson should have instead sued the City because Phillips was driving within the scope of his employment with the City when the alleged accident occurred. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). The county court granted the motion and dismissed the suit against Phillips with prejudice.

In December 2015, Wilson filed a petition for bill of review claiming her due process rights were violated because she never received service of Phillips's answer or the notice of hearing on his motion to dismiss and never received notice of the order dismissing the suit. The county court reinstated the case, and Wilson filed her first amended original petition in June 2016. Although the case retained the original caption of Wilson v. Phillips, Wilson listed the City as the Defendant and alleged two counts of negligence, one against Phillips for which the City is alleged to be vicariously liable as Phillips's employer and one against the City. A week later, Wilson filed a second amended petition—substantively the same as the first amended petition—and a notice of nonsuit with prejudice as to all her claims against Phillips. In October 2016, the county court signed an order granting the notice of nonsuit and dismissing the claims against Phillips with prejudice.

The record reflects that little activity occurred in the case until August 2018, when Wilson filed her third amended petition—although titled a first amended petition—that named Phillips as the sole defendant and did not mention or discuss the City. On September 24, Phillips moved to strike a statement regarding the changed discovery level in the third amended petition,

2

specially excepted to the petition naming Phillips as the sole defendant when he had previously been nonsuited with prejudice, and moved to dismiss because Wilson should not be given leave to amend the petition to name the City as the defendant given that the claims would now be time barred; alternatively, Phillips moved for the cause to be dismissed for want of prosecution.

Within a few days, Wilson filed her fourth amended petition listing the City as the defendant and specifically stating that Wilson "did not intend at that time [of the third amended petition] to dismiss [the City] as a party" and that it was a "clerical mistake." The fourth amended petition also included an affidavit by Wilson's counsel stating:

> Plaintiff's Third Amended Petition named, Plaintiff's First Amended Petition, was filed with this court on August 29, 2018, and mistakenly did not include [the City] as Defendant. This was a clerical error. The clerical error now has been corrected in Plaintiff's Fourth Amended Original Petition.

The City filed a motion to strike, motion to dismiss, and special exception, expressly adopting the arguments made in Phillips's motion to strike, motion to dismiss, and special exception, and noting that Wilson did not request leave to file her fourth amended petition against the City. Specifically, the City moved to strike the changed discovery level, specially excepted to the fourth amended petition renaming the City as a defendant because the claim would now be time barred, and moved to dismiss. Wilson responded, arguing that the relation back doctrine applies under the misnomer or misidentification theories to make her claims against the City timely.

After a hearing, the county court signed two orders on November 6, 2018. The first order dismissed with prejudice Wilson's claims against Phillips and expressly found that because the October 2016 order granted Wilson's notice of nonsuit with prejudice, the third amended petition "naming Defendant Phillips is without basis and the claims reasserted therein should be dismissed." The second order struck the pleaded discovery level, sustained the special

3

exception, disallowed Wilson from repleading as the claims against the City are time barred, granted the motion to dismiss, and dismissed Wilson's claims against the City with prejudice. As relevant here, the second order stated:

> Plaintiff, by filing her Third Amended Petition naming only Defendant Phillips on August 29, 2018, dismissed her claims as to the City of Austin as if a formal dismissal order had been entered. [citations omitted] Before Plaintiff filed her Fourth Amended Petition on September 26, 2018, again naming the City of Austin as a party, the statute of limitations had run on Plaintiff's claims against the City. The Court rejects the "relates back" argument of Plaintiff's counsel as none of the cases referenced are factually similar, and the Court disagrees with Plaintiff's counsel that naming only Defendant Phillips in a pleading constituted a "clerical error" or "misnomer."

Wilson appeals from the second order.

## STANDARD OF REVIEW

We review a trial court's order sustaining special exceptions for abuse of discretion. *Park v. Escalera Ranch Owners' Ass'n*, 457 S.W.3d 571, 602 (Tex. App.—Austin 2015, no pet.); *see Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam) (noting trial court has broad discretion in ruling on special exceptions). A trial court does not abuse its discretion by granting special exceptions and dismissing the claims without giving an opportunity to amend if the pleading contains incurable defects. *Sonnichsen*, 221 S.W.3d at 634–35.

Generally, an affirmative defense like limitations is not properly raised in a special exception. *See Neff v. Brady*, 527 S.W.3d 511, 530 (Tex. App.—Houston [1st Dist.] 2017, no pet.). But "[l]imitations may be addressed by way of special exceptions or other preliminary hearing only if it is clear from the face of the plaintiff's pleadings that limitations have run." *See Chacon v. Andrews Distrib. Co.*, 295 S.W.3d 715, 721 (Tex. App.—Corpus

4

Christi 2009, pet. denied) (citing *Armstrong v. Snapp*, 186 S.W.2d 380, 383 (Tex. App.—Fort Worth 1945, no writ); *Steele v. Glenn*, 57 S.W.2d 908, 913 (Tex. App.—Eastland 1933, writ dism'd w.o.j.)); *see Happy Jack Ranch, Inc. v. HH & L Dev., Inc.*, No. 03-12-00558-CV, 2015 WL 6832631, at *2 (Tex. App.—Austin Nov. 6, 2015, pet. denied) (mem. op.) (noting that affirmative defenses such as limitations may "sometimes" be disposed of through special exceptions); *In re D.K.M.*, 242 S.W.3d 863, 865 n.2 (Tex. App.—Austin 2007, no pet.) (collecting cases and noting that "[a] motion to dismiss based on limitations might be properly brought if the defendant first files a special exception, which would bring the issue to the plaintiff's attention and allow her to amend her pleadings, if possible"). Here, it is clear from the face of Wilson's pleading that the two year limitations period had expired before the date the third amended petition was filed—five years from the pleaded date of the alleged accident—and Wilson did not argue otherwise when the special exception brought the issue to her attention. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (providing two year limitation period for personal injury suits).

## DISCUSSION

On appeal, Wilson claims that the county court abused its discretion in granting the City's special exception and dismissing the case because her claims against the City raised in the fourth amended petition are timely under the relation back doctrine even though the City was omitted as a defendant in the third amended petition by a purported clerical error or misnomer. We disagree.

"Our rules provide that amended pleadings and their contents take the place of prior pleadings." *FKM P'ship, Ltd. v. Board of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619,

633 (Tex. 2008) (citing Tex. R. Civ. P. 65). Thus, "[i]n civil causes generally, filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed." *Id.* at 632. This general rule also applies to the omission of defendants. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) ("The court, by its order dismissing the hospital, correctly followed the rule that the amended petition, by omitting a defendant, operated as a voluntary dismissal as to that party."); *CIGNA Ins. v. TPG Store, Inc.*, 894 S.W.2d 431, 434 (Tex. App.—Austin 1995, no writ) ("[I]t is well established that an amended petition that omits a defendant operates as a voluntary dismissal as to that defendant."); *see also Farr v. Arlington Indep. Sch. Dist.*, No. 02-17-00196-CV, 2018 WL 3468459, at *3 (Tex. App.—Fort Worth July 19, 2018, no pet.) (mem. op.) ("[T]he individual appellants omitted the Board President and the Superintendent from their amended petition; thus, this suit does not involve any claims against any individual state actors in their official capacities."); *Pipes v. Hemingway*, No. 05-13-00428-CV, 2014 WL 1477735, at *1 (Tex. App.—Dallas Apr. 14, 2014, pet. denied) (mem. op.) ("[W]hen Pipes filed his February 7, 2013, amended petition, omitting all defendants except for SJS, he effectually abandoned his cause of action against those parties. . . . Had Pipes filed a supplemental pleading, instead of an amended pleading, his claims against these defendants would have been preserved."); *Deadmon v. Dallas Area Rapid Transit*, 347 S.W.3d 442, 444 (Tex. App.—Dallas 2011, no pet.) ("Parties to a suit are dismissed as effectively by omitting their names from an amended pleading as by entry of a formal order of dismissal."). By filing her third amended petition that omitted the City as a defendant, Wilson effectively nonsuited or voluntarily dismissed her claims against the City.

It is undisputed and clear from the face of Wilson's live petition that limitations had run at the time of the third amended petition. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a)

6

(providing two year limitation period for personal injury suits). Thus, Wilson's claims against the City raised in her fourth amended petition that added the City as a defendant were untimely, unless the claims relate back to the original pleadings filed before limitations had run or the nonsuit or voluntary dismissal was ineffective.

"An original pleading tolls the limitation period for claims asserted in subsequent, amended pleadings as long as the amended pleading does not allege a wholly new, distinct, or different transaction." *Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 121 (Tex. 2004) (citing Tex. Civ. Prac. & Rem. Code § 16.068). But "[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading." *Id.* Nevertheless, Wilson asserts that her claims against the City relate back under either a misnomer or misidentification theory. "Misnomer is an exception [to the general rule that an amended pleading adding a new party does not relate back to the original pleading], misidentification a more limited one." *University of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011). However, the misnomer and misidentification theories in the context of the relation back doctrine do not apply here. Wilson is not seeking to get her fourth amended petition claims against the City to relate back to the third amended petition when the alleged misnomer or misidentification occurred—the third amended petition was also outside limitations. More importantly, "the relation-back doctrine does not save claims that have been dismissed and are later refiled." *Aguilar v. Morales*, 545 S.W.3d 670, 677 (Tex. App.—El Paso 2017, pet. denied); *see Clary Corp. v. Smith*, 949 S.W.2d 452, 460 (Tex. App.—Fort Worth 1997, pet. denied). "A timely filed suit, subsequently nonsuited, does not toll limitations, and the nonsuit is treated as though the first lawsuit had never been filed against the defendant." *Cebcor Serv. Corp. v. Landscape Design & Const., Inc.*, 270 S.W.3d 328, 333 n.3 (Tex. App.—Dallas 2008, no pet.).

7

Thus, Wilson appears to be attempting to use the misnomer or misidentification theories not in the context of the relation back doctrine, but to nullify the effective nonsuit or voluntary dismissal caused by the omission of the City as a defendant in the third amended petition. Otherwise, limitations would bar her claims against the City. *See Hanmore Dev. Corp. v. JBK Enters.*, 776 S.W.2d 738, 740 (Tex. App.—Corpus Christi 1989, writ denied) (noting that omission of party in amended pleading operates as voluntary dismissal of party from lawsuit; if dismissed party is brought back into lawsuit through amendment made after limitations has run, suit is barred as to that party); *Johnson v. Coca–Cola Co.*, 727 S.W.2d 756, 758–59 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (affirming summary judgment on limitations when defendant was named in first amended petition, omitted from second amended petition, and added by third amended petition, and holding that "having been dismissed from the suit [in the second amended petition], the third amended petition was ineffective to add that defendant as a party because the statute of limitations had run prior to such filing"). Wilson, however, cites no authority to support the application of the misnomer or misidentification theory in this context to nullify the effective nonsuit or voluntary dismissal caused by the omission of the City as a defendant. And there is analogous contrary authority. *See Johnson*, 727 S.W.2d at 757–78.

In *Johnson*, the plaintiffs filed their first amended petition naming The Coca-Cola Company as a defendant; filed a second amended petition listing Coca-Cola Bottlers Association as a defendant, but omitting The Coca-Cola Company as a defendant; and filed a third amended petition listing The Coca-Cola Company as a defendant, but dropping the Coca-Cola Bottlers Association. *Id.* Similar to Wilson, the *Johnson* plaintiffs alleged that the Coca-Cola Bottlers Association was a misnomer for The Coca-Cola Company and that The Coca-Cola Company should be brought back into the suit with the third amended petition even though limitations had

8

already run. *Id.* at 758. But our sister court rejected the misnomer argument and concluded that limitations barred bringing The Coca-Cola Company back into the suit because the omission in the second amended petition constituted a dismissal. *Id.* The same principles apply here.

Moreover, even if there were authority supporting Wilson's position, it is unclear how this case involves a misnomer or misidentification. This is not a case involving two entities with similar names, and therefore there is no misidentification. *See Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999) (noting misidentification "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity"). In misnomer cases, "a party misnames itself or another party, but the correct parties are involved." *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325–26 (Tex. 2009) (orig. proceeding); *see Chilkewitz*, 22 S.W.2d at 828 (noting that "[m]isnomer arises when a plaintiff sues the correct entity but misnames it"); *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990) ("If the plaintiff merely misnames the correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition."); *Johnson*, 727 S.W.2d at 758 ("In a 'misnomer' case the plaintiff misnames the person sought to be held liable, but serves the correct person, thereby advising the intended defendant of the suit."). However, the record and briefing before this Court does not indicate that Wilson "misname[d]" the City; rather, Wilson omitted the City as a defendant. And not only did Wilson omit the City as a defendant, she omitted all discussion and reference to the City. Although the second amended petition extensively discussed the City and Phillips's employment with the City, the third amended petition did not mention the City. The fourth amended petition and the attached affidavit alleged a "clerical error" because the third amended petition "mistakenly did not include City [o]f Austin as Defendant"; it did not identify how the

9

City was a misnamed party.[2]  And although Wilson uses the word "misnomer" in her briefing before this Court, she does not identify how a "misnam[ing]" occurred in contrast to an omission.

In sum, we conclude that the county court did not abuse its discretion in granting the City's special exception, disallowing Wilson from repleading because the pleading error could not be cured, and dismissing Wilson's claims against the City as barred by limitations.  *See Johnson*, 727 S.W.2d at 758.  Because we conclude that this issue is dispositive of this appeal, we do not address Wilson's other issues.  *See* Tex. R. App. P. 47.1, .4.

## CONCLUSION

For these reasons, we affirm the county court's order dismissing Wilson's claims against the City.

 

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   November 27, 2019

---

[2] Besides arguing misnomer and misidentification, Wilson does not argue or identify any authority or theory that an alleged "clerical error" of omitting a party in an amended petition is sufficient to nullify an effective nonsuit or voluntary dismissal.